IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUIS LORENZO ARMENTERO,

        Plaintiff,                     No. CIV S-07-0268 DFL CMK P

    vs.

JAMES TILTON, et al.,

        Defendants.          <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See

1    Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
2    how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
3    there is some affirmative link or connection between a defendant's actions and the claimed
4    deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
5    1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
6    allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of
7    Regents, 673 F.2d 266, 268 (9th Cir. 1982).

8           Plaintiff alleges that defendants have instituted a race-based lockdown at Folsom
9    State Prison which violates his civil right and interferes with his recreational and physical
10   education programs.  Plaintiff states that the repeated lockdowns are unlawful punishments and
11   that they "increase the bad conditions of confinement."

12          Allegations of lockdowns do not state a constitutional violation because these do
13   not constitute an "atypical and significant hardship on the inmate in relation to the ordinary
14   incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484 (1995).  Plaintiff fares somewhat
15   better if his complaint is read as challenging his conditions of confinement, specifically, his lack
16   of exercise.  In Kennan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996), recognized that
17   "[d]eprivation of outdoor exercise violates the Eighth Amendment rights of inmates confined to
18   continuous and long-term segregation."  However, a temporary denial of outdoor exercise
19   without any medical effects is not a substantial deprivation.  See May v. Baldwin, 109 F.2d 557,
20   565 (9th Cir. 1997).

21          It is not clear from the allegations in plaintiff's complaint whether he is
22   challenging a deprivation of outdoor exercise, nor is it clear whether the alleged deprivation has
23   been long-term and has resulted in any medical effects.  Plaintiff will be given an opportunity to
24   amend his complaint to state a claim if he is able to while complying fully with Federal Rule of
25   Civil Procedure 11.

26          If plaintiff chooses to file an amended complaint, he must demonstrate how the
     conditions complained of have resulted in a deprivation of his constitutional rights.  See Ellis v.

1 Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each
2 named defendant is involved.  There can be no liability under § 1983 unless there is some
3 affirmative link or connection between a defendant's action and the claimed deprivation.
4 See Rizzo v. Goode, 423 U.S. 362 (1976).  Vague and conclusory allegations of official
5 participation in civil rights violations are not sufficient to state a claim.  See Ivey v. Board of
6 Regents, 673 F.2d 266, 268 (9th Cir. 1982).

       Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

       In accordance with the above, IT IS HEREBY ORDERED that:

       1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

       2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections filed concurrently herewith.

       3.  Plaintiff's complaint is dismissed.

///
///
///
///
///
///
///

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: April 18, 2007.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE