1

2

3

4

5

6

7

8            **IN THE UNITED STATES DISTRICT COURT**

9         **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   LUIS LORENZO ARMENTERO,      No. CIV S-07-0268-RRB-CMK-P

12           Plaintiff,

13       vs.                ORDER

14   JAMES TILTON, et al.,

15           Defendants.

16   _____/

17         Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18 to 42 U.S.C. § 1983.  Pending before the court is plaintiff's first amended complaint (Doc. 14),

19 filed on June 13, 2007.[1]

20         The court is required to screen complaints brought by prisoners seeking relief

21 against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

22

23       [1]    Plaintiff filed two amended complaints on June 13 (Doc. 13 and Doc. 14).  The
court has screened Doc. 14, and has found plaintiff states a claim.  Doc. 13 has not been
24 screened.  However, if plaintiff intended Doc. 13 to be the operative pleading, he must so inform
the court so the court can screen that amended complaint.  Otherwise, if he chooses to stand on
25 his amended complaint, the court will strike Doc. 13 from the docket.  Plaintiff is advised that if
he files a second amended complaint he must include all information in one document, and not
26 separate the facts and claims from the form.

1   § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

2   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

3   from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

4   the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

5   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

6   This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne,

7   84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied

8   if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon

9   which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must

10  allege with at least some degree of particularity overt acts by specific defendants which support

11  the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

12  impossible for the court to conduct the screening required by law when the allegations are vague

13  and conclusory.

14

15                              **I.  BACKGROUND**

16          Plaintiff filed his original complaint on February 9, 2007.  This complaint was

17  dismissed with leave to amend because plaintiff's original complaint failed to state a

18  constitutional violation.  Plaintiff then filed this first amended complaint on June 13, 2007.

19

20                              **II.  DISCUSSION**

21          In plaintiff's first amended complaint, he alleges that defendants have instituted a

22  race-based lockdown at Folsom State Prison which violates his civil rights and that he is

23  confronted with ethnicity problems which increase the bad conditions of confinement.  Plaintiff

24  claims he was discriminated against because he was the same race as other inmates who were

25  engaged in violent behavior, and as a result was placed in segregation based on his race.

26  According to plaintiff, the repeated lockdowns are contrary to legitimate penological interests,

1   constitute unlawful punishment, and violate his civil rights because they are race based.

2          Plaintiff also claims that the repeated lockdowns are interfering with his privilege

3   to engage in physical education programs.  He claims he has health problems and his doctors

4   have recommend he walk everyday.  However, due to lockdowns at the prison, he alleges that he

5   was in lockdown almost 24 hours in his cell and had only two or three hours of physical

6   education program every six days, causing him pain and interfering with his medical treatment.

7          Finally, plaintiff alleges restricted access to the law library during these repeated

8   lockdowns.  He claims the entire prison population is only permitted access to the library for two

9   hours, which is insufficient.

10          As the court stated in its previous order, allegations of lockdowns do not state a

11   constitutional violation because these do not constitute an "atypical and significant hardship on

12   the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472,

13   484 (1995).  Therefore, plaintiff's complaints regarding the lockdowns at Folsom State Prison

14   fail to state a claim.

15          Similarly, plaintiff's claims about restricted access to the law library are

16   insufficient to state a claim.  Prisoners have a constitutional right of access to the courts. See

17   Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Bradley

18   v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995) (discussing the right in the context of prison

19   grievance procedures).  This right requires prison officials to "assist inmates in the preparation

20   and filing of meaningful legal papers by providing prisoners with adequate law libraries or

21   adequate assistance from persons trained in the law." Bounds, 430 U.S. at 828.  The right,

22   however, only requires that prisoners have the capability of bringing challenges to sentences or

23   conditions of confinement. See Lewis, 518 U.S. at 356-57.

24          As a jurisdictional requirement flowing from the standing doctrine, the prisoner

25   must allege an actual injury. See id. at 349.  "Actual injury" is prejudice with respect to

26   contemplated or existing litigation, such as the inability to meet a filing deadline or present a

1    claim.  See id.  Delays in providing legal materials or assistance which result in prejudice are

2    "not of constitutional significance" if the delay is reasonably related to legitimate penological

3    purposes.  Id. at 362.

4            Here, plaintiff fails to state how the limited time the prison population has access

5    to the law library has deprived him of a constitutional right.  Nowhere in his complaint has

6    plaintiff stated that the lack of access to the law library has caused him any difficulties, other than

7    being restricted to his cell, and he has made no claim of any actual injury caused by the lack of

8    access.

9            In regards to plaintiff's claims of lack of exercise, however, the complaint appears

10   to state a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).  If

11   the allegations are proven, plaintiff has a reasonable opportunity to prevail on the merits of this

12   claim.

### III.  CONCLUSION

14           Because it is possible that the deficiencies identified in this order may be cured by

15   amending the complaint, plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d

16   1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an

17   amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258,

18   1262 (9th Cir. 1992).  Therefore, if plaintiff amends the complaint, the court cannot refer to the

19   prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 15-220.

20   An amended complaint must be complete in itself without reference to any prior pleading.  See

21   id.

22           If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

23   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

24   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

25   each named defendant is involved, and must set forth some affirmative link or connection

26   between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

1   164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

2        Because the complaint appears to otherwise state cognizable claims, if no

3   amended complaint is filed within the time allowed therefor, the court will issue findings and

4   recommendations that the claims identified herein as defective be dismissed, as well as such

5   further orders as are necessary for service of process as to the cognizable claims.

6        Accordingly, IT IS HEREBY ORDERED that plaintiff may file a second amended

7   complaint within 30 days of the date of service of this order.

8

9   DATED:   September 13, 2007.

10

11                            **CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26