IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LUIS LORENZO ARMENTERO, | | No. CIV S-07-0268-RRB-CMK-P |
| | Plaintiff, | |
| | vs. | FINDINGS AND RECOMMENDATIONS |
| JAMES TILTON, et al., | | |
| | Defendants. | |
| _____/ | | |

    Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's second amended complaint (Doc. 18), filed on October 4, 2007.

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a "... short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

1

This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. BACKGROUND

Plaintiff filed his original complaint on February 9, 2007. This complaint was dismissed with leave to amend because plaintiff failed to state a constitutional violation. Plaintiff filed a first amended complaint on June 13, 2007, which the court found stated a claim as to plaintiff's allegation regarding his lack of exercise. However, the court found that plaintiff's first amended complaint failed to state a claim as to his allegations regarding a race-based lockdown and restricted access to the law library. Plaintiff was informed that his first amended complaint stated a claim regarding his lack of exercise, and that he could either stand on his first amended complaint or he could file a second amended complaint to try to state a claim for all of his allegations. Plaintiff was warned that if he chose to file a second amended complaint, that complaint would supersede his first amended complaint and must contain all of his allegations, that the court could not refer to his previous complaints, and that his amended complaint must be complete in itself. Plaintiff chose to file a second amended complaint.

## II. DISCUSSION

Plaintiff's second amended complaint again contains allegations of a perceived constitutional violation stemming from a race-based lockdown at Folsom State Prison. In addition, plaintiff raises for the first time a claim based on failure to treat his medical condition of arthritis among other medical conditions. He claims these conditions were made worse by the

prison officials requiring him to sleep on spring bunks beds and the prolonged and repeated lockdowns.  He also alleges a variety of mental conditions, including depression, caused by defendants' "failure to provide adequate medical care" and "interference with plaintiff's medical treatment."  However, the second amended complaint does not make any reference to lack of exercise or access to the law library.  As plaintiff was warned that his amended complaint must be compete in itself, and the court cannot refer to any previously filed complaint, the court construes plaintiff's second amended complaint as abandoning these claims.

As discussed in the court's previous orders, allegations of lockdowns do not state a constitutional violation because these do not constitute an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484 (1995).  Therefore, plaintiff's complaints regarding the lockdowns at Folsom State Prison fail to state a claim.

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind."  See id.

3

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

Here, plaintiff's claims are vague and conclusory allegations which do not state how the defendants failed to provide adequate medical care or interfered with plaintiff's medical treatment. There are no allegations as to any defendant's specific conduct or lack thereof. The named defendants are the warden of Folsom State Prison and the secretary of the California Department of Corrections and Rehabilitation. Plaintiff does not allege that these defendants

knew about plaintiff's medical condition nor how these two defendants acted with wanton disregard of his serious medical condition.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Plaintiff fails to link any affirmative acts on the part of the defendants with a deprivation of his medical treatment. Plaintiff makes vague and conclusory allegations that these individuals interfered with his medical treatment, presumably by keeping the prison on lockdown for an extended period of time. However, this is insufficient to state a claim for denial of medical treatment. Plaintiff makes no allegations that the defendants kept the prison on lockdown with the intention of denying plaintiff medical care. He does not allege that he ever asked for or was denied medical treatment, nor that he ever asked for a new bed or mattress. At best, he claims that "Warden Matthew Kramer of CSP-Folsom has not honored or accommodated the orders of treatment for plaintiff which is one of several reasons for bringing this 1983 suit and naming him as a defendant therein." (See second amended complaint (Doc. 18) at 4.) However, he does not specify what treatment defendant Kramer failed to honor or accommodate. In addition, plaintiff states:

///

> the defendant Warden Kramer supported by the defendant James
> Tilton that was acting under color of state law at all times
> mentioned herein, defendant Kramer by consent, authorization and
> support of CDCR James Tilton his superior boss, have violated
> plaintiff's civil rights that has caused him to suffer unnecessary
> pain from the disabilities of arthritis ... that have increased as a
> disability all caused by defendants Kramer and Tilton for no
> justifiable reason.

(See id. at 4-5). However, plaintiff never explains exactly how these defendants caused him to suffer. Therefore, because plaintiff fails to link any actual action with his alleged deprivation of medical treatment, plaintiff fails to state a claim for deliberate indifference to a serious medical condition.

### III. CONCLUSION

Plaintiff has been provided a number of opportunities to amend his complaint to state a claim. He has abandoned, by his own choice, the one cause the court found stated a claim. Therefore, plaintiff is not entitled to any additional opportunities to amend his complaint.

Based on the foregoing, the undersigned recommends that the second amended complaint be dismissed for failure to state a claim, and the case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 22, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE